Wtly, J.
Plaintiffs, claiming to be creditors of the defendant, a non-resident, for $1224 90, brought this suit against him for said amount, and they sued out an attachment by garnishment process with a view to seize the judgment of the defendant u.'Ross Wilkinson for $942 61, rendered in the district court, parish of Caddo, on twenty-fourth November, 1874.
A curator ad hoe was appointed for the defendant and the attachment notices duly posted. The interrogatories and citation were not served on the garnishees Wheaton, the clerk of the court, and Wilkinson, the debtor, in the judgment sought to be attached. The garnishees waived service of petition and citation and answered the interrogatories favorable to plaintiffs.
The court dissolved the attachment with fifty dollars damages, and plaintiffs appeal.
In Schindler v. Smith, 18 An; 476, this court held that a garnishee can not waive service of the proceedings required by law to make a *593 seizure of effects or property in his hands; that he is a mere stakeholder without pecuniary interest, not even liable for the cost; and as the garnishee .was not legally served nothing was attached in his hands. We adhere to that opinion, and conclude that the judge did not err in setting- aside the attachment. C. P. 246‘. He did err, however, in allowing damages.
It is not pretended that the plaintiffs were not entitled to sue out the attachment against their debtor, a non-resident; but the objection is that no valid seizure was made of his property, the judgment he holds against Wilkinson, the garnishee. If plaintiffs lose their attachment because they failed to seize thereunder defendant’s property, we fail to perceive the loss defendant has sustained by reason of this non-seizure. If the attachment were dissolved because the plaintiffs were not entitled to it, it would be right to inflict damages for the abuse of a harsh remedy. Here, however, has been no abuse, but merely a failure to get the benefit of an attachment because of the error committed in executing the process. As the failure to make a seizure under the attachment will not preclude plaintiffs from subsequently obtaining the benefit of that conservatory remedy, we see no reason to disturb that part of the decree, reserving this right to plaintiffs.
It is therefore ordered that the judgment herein be amended by striking out that part allowing defendant damages, and as amended it is affirmed, appellee paying costs of appeal. C. P. 246.